IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Mamie Jackson, | ) | C/A No. 3:15-139-MBS-PJG |
| | ) | |
| Plaintiff, | ) | |
| | ) | **REPORT AND RECOMMENDATION** |
| v. | ) | |
| | ) | |
| University of South Carolina, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

The plaintiff, Mamie Jackson, proceeding *pro se*, brings this action pursuant to 42 U.S.C. § 1983 alleging a violation of her civil rights. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC. Having reviewed the Complaint in accordance with applicable law, the court concludes that it should be summarily dismissed.

I.    **Factual and Procedural Background**

The Complaint alleges that Plaintiff submitted an application for admission to a foreign language class and the defendant refused admission, stating that Plaintiff was "past the deadline for enrollment." (ECF No. 1 at 1.) The Complaint indicates that Plaintiff appealed the defendant's refusal of admission but was informed by the Provost "that he had no authority over the Undergraduate College." (Id. at 2.) The Complaint further alleges that the defendant refused to accept "a copy of [Plaintiff's] personal transcript records" and forced Plaintiff to open an email account for correspondence. (Id.) However, Plaintiff claims that the defendant then negligently sent Plaintiff information by mail, rather than by email. (Id.) Plaintiff asserts that she did not timely receive this information which was apparently necessary for enrollment. (Id. at 3.) The Complaint

PJG

asks this court to: (1) order the university to admit Plaintiff pending a merit hearing to determine whether the university deliberately discriminated against her, and (2) "[c]onsider that the denial of the university to admit [Plaintiff] for a second straight semester" would result in irreparable harm to Plaintiff's attempt to further her education.[1] (Id.) Plaintiff also seeks an emergency hearing. (Id.)

## II. Discussion

### A. Standard of Review

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Complaint. This court is required to liberally construe pro se complaints. Erickson v. Pardus, 551 U.S. 89, 94 (2007). Such *pro se* complaints are held to a less stringent standard than those drafted by attorneys, id.; Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. Hughes v. Rowe, 449 U.S. 5, 9 (1980); Cruz v. Beto, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true. Erickson, 551 U.S. at 93 (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-56 (2007)).

Nonetheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. See Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990); see also Ashcroft v. Iqbal,

---

[1] To the extent Plaintiff asks this court to compel action by the defendant, federal courts lack jurisdiction under 28 U.S.C. § 1361 and/or 28 U.S.C. § 1651 to grant mandamus relief against a state actor. See United States v. Oncology Assocs., 198 F.3d 502, 510 (4th Cir. 1999); Gurley v. Superior Court of Mecklenburg Cnty., 411 F.2d 586, 587-88 nn.2-4 (4th Cir. 1969); see also In re Ridgway, No. 95-8002, 1995 WL 227268, at *1 (4th Cir. Apr. 18, 1995) ("This Court will not direct the action of state actors through mandamus.").



556 U.S. 662, 684 (2009) (outlining pleading requirements under Rule 8 of the Federal Rules of Civil Procedure for "all civil actions"). The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so; however, a district court may not rewrite a complaint to include claims that were never presented, Barnett v. Hargett, 174 F.3d 1128 (10th Cir. 1999), construct the plaintiff's legal arguments for him, Small v. Endicott, 998 F.2d 411 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

    B.    Analysis

The Complaint asserts that the defendant discriminated against Plaintiff during the application process. As such, the Complaint is construed to allege a violation of Plaintiff's constitutional rights under the Fourteenth Amendment brought pursuant to 42 U.S.C. § 1983, which " 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.' " Albright v. Oliver, 510 U.S. 266, 271 (1994) (quoting Baker v. McCollan, 443 U.S. 137, 144 n.3 (1979)). To state a claim under § 1983, a plaintiff must allege: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. West v. Atkins, 487 U.S. 42, 48 (1988).

In this case, Plaintiff sues a defendant protected from suit under § 1983 by the Eleventh Amendment, which bars suits by citizens against non-consenting states brought either in state or federal court. See Alden v. Maine, 527 U.S. 706, 712-13 (1999); Seminole Tribe of Florida v. Florida, 517 U.S. 44, 54 (1996); Hans v. Louisiana, 134 U.S. 1 (1890). Such immunity extends to



arms of the state, including a state's agencies, instrumentalities, and employees. See Pennhurst State School & Hosp. v. Halderman, 465 U.S. 89, 101-02 (1984); see also Regents of the University of California v. Doe, 519 U.S. 425, 429 (1997); Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989); DeCecco v. Univ. of South Carolina, 918 F. Supp. 2d 471, 495-97 (D.S.C. 2013) (holding that the university is an arm of the state entitled to Eleventh Amendment immunity from § 1983 claims).² While sovereign immunity does not bar suit where a state has given consent to be sued, or where Congress abrogates the sovereign immunity of a state, neither of those exceptions applies in the instant case.³ As Plaintiff's claims against the University of South Carolina are barred by the Eleventh Amendment, this defendant is entitled to summary dismissal from this case.⁴

---

² Moreover, the defendant in this case is not considered a "person" amenable to suit under § 1983. See Will, 491 U.S. at 71; DeCecco, 918 F. Supp. 2d at 497 (holding that the university "is not a 'person' subject to suit for damages under the statute").

³ Congress has not abrogated the states' sovereign immunity under § 1983, see Quern v. Jordan, 440 U. S. 332, 343 (1979), and South Carolina has not consented to suit in federal district court. S.C. Code Ann. § 15-78-20(e).

⁴ Plaintiff also sued the University of South Carolina for constitutional violations in another recent case. Jackson v. Richland County Penny Tax, C/A No. 3:14-4922-MBS (D.S.C. Feb. 23, 2015) (dismissing Complaint without prejudice and without issuance and service of process). The court notes that Plaintiff's objections to a Report and Recommendation issued in the prior civil action state that the assigned magistrate judge should not "sit in judgment in a case where she is an alumni [sic] of a party to the action." Id. at ECF No. 11, page 2. However, to the extent Plaintiff's objection could be construed to seek recusal, alumna status is not a basis for disqualification. See United States v. Black, 490 F. Supp. 2d 630, 661 (E.D.N.C. 2007) (noting that " 'litigants are entitled to a judge free of personal bias, but not to a judge without any personal history before appointment to the bench' ") (quoting Sierra Club v. Simpkins Indus., Inc., 847 F.2d 1109, 1117 (4th Cir. 1988)); see also Brody v. President & Fellows of Harvard Coll., 664 F.2d 10, 11 (1st Cir. 1981) (holding that a trial judge's graduation from defendant university did not constitute a reasonable basis for recusal), cert. denied, 455 U.S. 1027 (1982).



**III.    Conclusion**

Accordingly, the court recommends that the Complaint be summarily dismissed without prejudice and without issuance and service of process.

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

February 26, 2015
Columbia, South Carolina

*Plaintiff's attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).